UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**GORDON D. CHRISTOFFERSEN,**
individually and on behalf of all others
similarly situated,

    **Plaintiff,**

v.                                                  Case No.:   19-cv-1481

**V. MARCHESE, INC.**

    **Defendant.**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1.    The Plaintiff, Gordon D. Christoffersen, sues Defendant, V. Marchese, Inc., on behalf of himself and similarly situated present and former employees, alleging that Defendant failed to provide required notices of their right to continued health care coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

2.    Plaintiff, Gordon D. Christoffersen ("Plaintiff"), on behalf of himself and the Class set forth below, bring this class action against Defendant, V. Marchese, Inc. ("Defendant"), for violating the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

3.    Defendant, the plan sponsor of the Health Plan ("Plan"), has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their

health coverage upon the occurrence of a "qualifying event" as defined by the statute. As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

5. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because the statutory violations at issue took place in this District, and Defendant has business operations in this District.

## PARTIES

6. Plaintiff is a Wisconsin resident and former employee of Defendant who was a covered employee and participant in the Plan the day before the termination of his employment on or about January 7, 2019, which was a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

7. Defendant is a Wisconsin corporation with its headquarters in Milwaukee, and employed more than 20 employees who were members of the Plan in each year from 2014 to 2019. Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their

beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

### *COBRA Notice Requirements*

8. The COBRA amendments to ERISA include certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

9. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

10. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

11. The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 and the Appendix thereto.

12. Section 2590.606-4(b)(1), states:

> Except as provided in paragraph (b)(2) or (3) of this section, upon receipt of a notice of qualifying event …, the administrator shall furnish to each qualified beneficiary, not later than 14 days after

receipt of the notice of qualifying event, a notice meeting the requirements of paragraph (b)(4) of this section.

13. Section 2590.606-4(b)(4), in turn, provides as follows:

(4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:

> (i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;
>
> (ii) Identification of the qualifying event;
>
> (iii) Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;
>
> (iv) A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;
>
> (v) An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;
>
> (vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may

obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii) A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii) An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix) A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x) In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi) A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii) A description of the due dates for payments, the

qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii) An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv) A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

14. To facilitate compliance with these notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

15. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).

*Defendant's Notice Is Inadequate and Fails to Comply with COBRA*

16. Defendant has simply failed to provide any reasonable notice of these

COBRA continuation of coverage rights.

*Plaintiff Gordon D. Christoffersen*

17. Plaintiff was employed by Defendant as a delivery driver from 2014 to 2019.

18. Plaintiff experienced a qualifying event (termination) on or about January 7, 2019. Importantly, for purposes of COBRA, Plaintiff was not terminated for gross misconduct.

19. Following this qualifying event, Plaintiff contacted Defendant on at least two occasions, and requested a notice of COBRA continuation of coverage rights.

20. Plaintiff has put off needed medical treatment, as he waited for the notice to be sent.

### CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following persons:

> **All participants and beneficiaries in the Defendant's Health Plan who had a qualifying event during the applicable statute of limitations period, and were not provided with a notice of COBRA continuation of coverage rights**.

22. Because no administrative remedies are required, Plaintiff has sought none and seeks to move forward with the putative class action.

23. <u>Numerosity:</u> The Class is so numerous that joinder of all Class members is impracticable. On information and belief, over 40 individuals satisfy the definition of the Class. On information and belief, at any given time, Defendant

employed approximately 100 people.

24. <u>Typicality:</u> Plaintiff's claims are typical of the Class. Upon information and belief, Defendant has not provided notice of COBRA continuation of coverage rights as required by federal law.

25. <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the Class members, has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

26. <u>Commonality:</u> Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

   b. Whether Defendant's COBRA notice practices complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

   c. Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

   d. The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

   e. Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

27. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

28. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23(c)(2) of the Federal Rules of Civil Procedure.

29. The names and addresses of the Class Members are available from Defendant's records.

## CLASS CLAIM I FOR RELIEF
*Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

30. Plaintiff repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

31. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

32. Defendant is the sponsor and administrator of the Plan, and was subject to the continuation of coverage and notice requirements of COBRA.

33. Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that

they had experienced such a qualifying event.

34. Defendant failed to send to Plaintiff and class members a COBRA notice which complied with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4.

35. These violations were material and willful.

36. Defendant knew that notice consistent with the Secretary of Labor's Model Notice was required by law, and that compliance with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 was required by law, but chose not to give proper notice in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for relief as follows:

    a. Issuing proper notice to the Class at Defendant's expense;

    b. Declaring that Defendant failed to provide an appropriate COBRA notice consistent with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

    c. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from refusing to send COBRA notices and requiring Defendant to send corrective notices;

    d. Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

    e. Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law;

    f. Granting such other and further relief, in law or equity, as this Court deems appropriate;

g. Designating Plaintiff's counsel as counsel for the Class;

h. Issuing proper notice to the Class at Defendant's expense;

i. Declaring that the COBRA notice sent by Defendant to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

j. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

k. Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

l. Awarding attorneys' fees, costs and expenses to Plaintiff's counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

m. Granting such other and further relief, in law or equity, as this Court deems appropriate.

## JURY TRIAL

37. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury.

Dated: October 10, 2019

        **ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
Robert O'Reilly
Mark A. Eldridge
Ben J. Slatky
3620 East Layton Avenue
Cudahy, WI 53110
Phone No.: 414-482-8000
Fax No.: 414-482-8001
roreilly@ademilaw.com
meldridge@ademilaw.com
bslatky@ademilaw.com