UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GORDON D. CHRISTOFFERSEN,
individual and on behalf of all others similarly
situated,

    Plaintiff,

  v.                                     Case No. 19-CV-1481

V. MARCHESE, INC.,

    Defendant.

---

## DECISION AND ORDER ON DEFENDANT'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

---

    Gordon D. Christoffersen sues his former employer, V. Marchese, Inc., individually and on behalf of a putative class of present and former Marchese employees, for failure to provide notice of the right to continued coverage under Marchese's group health plan following a qualifying event as required by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, as modified by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161–1167. (Docket # 1.) Marchese moves for partial summary judgment, asking the Court to hold that the statute of limitations period on Christoffersen's claim and the claims of those in the putative class is two years from the date any cause of action accrued. Christoffersen argues that the statute of limitations issue as to the putative class members is not ripe for decision. For the reasons that follow, Marchese's motion for partial summary judgment is denied.

# UNDISPUTED FACTS

As an initial matter, Christoffersen faults Marchese for failing to comply with Civ. L. R. 56, specifically, Marchese did not file proposed findings of fact. (Pl.'s Resp. Br. at 3, Docket # 20.) Christoffersen argues that Marchese's failure to conform its motion to the Local Rules is sufficient grounds to deny the motion. (*Id.*) But the facts relevant to the very discrete legal issue raised in Marchese's motion are undisputed by the parties for purposes of the motion. While Christoffersen filed proposed findings of fact (Docket # 21), he simply cites to the complaint and answer (*id.*), as does Marchese in its brief (Def.'s Br. at 2–3, Docket # 18). To deny Marchese's motion on the grounds that it failed to file proposed findings of fact would put form over substance and I decline to do so.

Again, the facts relevant to Marchese's motion are undisputed for purposes of this motion. Christoffersen was employed by Marchese as a delivery driver beginning on or about February 13, 2014 until January 7, 2019. (Compl. ¶¶ 17 and Answer ¶ 17, Docket # 6.) At the time of his termination, Christoffersen was enrolled in Marchese's group health plan. (Answer ¶ 6.) Christoffersen alleges that his termination constituted a qualifying event under COBRA (Compl. ¶ 6), which required Marchese to provide Christoffersen with a notice of his rights to continued health plan coverage (*id.* ¶¶ 6, 16, 18). Christoffersen alleges that Marchese failed to provide him with a COBRA notice. (*Id.* ¶ 34.)

On October 10, 2019, Christoffersen filed this class action complaint, suing Marchese for failure to provide a COBRA notice to Christoffersen and to all of the other members of the putative class. (*Id.* ¶¶ 30–36.) The putative class consists of:

> All participants and beneficiaries in the Defendant's Health Plan who had a qualifying event during the applicable statute of limitations period, and were not provided with a notice of COBRA continuation of coverage rights.

(*Id.* ¶ 21.) Marchese seeks a ruling as to the applicable statute of limitations on Christoffersen and the putative class members' claims. (Def.'s Br. at 3.)

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56(a), a party can seek summary judgment upon all or any part of a claim or defense asserted. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check*

*Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (quoting *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Marchese seeks a ruling as to the applicable statute of limitations on Christoffersen's and the putative class members' claims. (Def.'s Br. at 3.) Marchese argues that a two-year statute of limitations applies (Def.'s Br. at 7), while Christoffersen argues that a six-year statute of limitations applies (Pl.'s Br. at 5). Christoffersen alternatively argues, however, that the issue is not ripe for adjudication as to the putative class members. (*Id.*)

Before addressing the statute of limitations question, I must first determine whether the issue is ripe for determination. A claim must be ripe for adjudication by a federal court under the case-or-controversy requirement of subject matter jurisdiction. *Wis. Cent. Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008). Ripeness does not exist when the parties only point to "hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Id.* (citing *Lehn v. Holmes*, 364 F.3d 862, 867 (7th Cir. 2004)). A court will not address arguments grounded on contingent future events that may not occur, or may not occur as anticipated. *Corey H. v. Bd. of Educ. of Chi.*, 534 F.3d 683, 689 (7th Cir. 2008) (citing *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Assuming, *arguendo*, that Marchese's shorter, two-year statute of limitations applies, the parties agree that Christoffersen's cause of action is timely. Christoffersen argues, however, that Marchese's motion is not ripe because whether it would apply to members of the putative class is entirely speculative at the moment, as the class has not yet been certified. (Pl.'s Br. at 4–5.) Marchese argues that Christoffersen purports to represent a class of individuals with no specific temporal scope, as the proposed class includes "[a]ll

participants and beneficiaries in the Defendant's Health Plan who had a qualifying event *during the applicable statute of limitations period*." (Def.'s Br. at 3 (quoting Compl. ¶ 21)) (emphasis added). Marchese argues that Christoffersen either willingly or negligently caused this ripeness dispute by failing to cite a definitive time period in his complaint. (*Id.*) Marchese further argues that Christoffersen seeks to represent a class with no temporal scope, while simultaneously arguing that the Court has no jurisdiction to set a temporal limitation because Marchese has not presented a factual record that such persons exist. (*Id.*) Marchese argues that once Christoffersen "has used significant judicial resources to acquire such a group, then, and only then, would [Christoffersen] permit the Court to determine and rule upon the applicable Statute of Limitations, thus setting the temporal scope of the proposed class. That is wholly nonsensical." (*Id.*) Marchese also argues that at the time of the Rule 16 Scheduling Conference, Christoffersen agreed that the issue of the applicable statute of limitations was ripe at this time. (*Id.* at 4.)

Because "ripeness, when it implicates the possibility of this Court issuing an advisory opinion, is a question of subject matter jurisdiction under the case-or-controversy requirement," *Shannon*, 539 F.3d at 759, to the extent Marchese argues that Christoffersen effectively waived or stipulated to ripeness, this argument fails, *see id.* (the court is "obligated to consider [its] jurisdiction at any stage of the proceedings") (internal citation omitted). As to the ripeness question, the court's analysis in *Crissen v. Gupta*, No. 2:12-CV-00355-JMS, 2013 WL 2468001, at *1 (S.D. Ind. June 7, 2013), *order vacated in part on reconsideration on other grounds*, No. 2:12-CV-00355-JMS, 2013 WL 4859520 (S.D. Ind. Sept. 11, 2013) is instructive. In *Crissen*, the plaintiff brought a putative class action complaint against the defendants under RICO. *Id.* at *3. The defendants moved to dismiss the plaintiff's claim on

5

statute of limitations grounds. *Id.* at *7. The plaintiff argued that dismissal of putative class members' claims was improper at that stage of the litigation because it would bind nonparties because the class had not yet been certified. *Id.* The court agreed. The parties did not dispute that the named plaintiff's individual claims were timely asserted; thus, the argument that claims were time-barred applied only to certain putative class members' claims. *Id.* The court found that:

> Before class certification, putative class members are not parties to the litigation. If the Court were to decide whether the claims of some of those putative class members are time-barred before class certification—a determination that is not necessary for the named plaintiff, Mr. Crissen, because the Defendants have already conceded he has timely asserted his individual claims—it would be issuing an advisory opinion, which the Court is prohibited from doing . . . . The issue of whether some of the putative class members' claims are time-barred is properly decided either at the class certification stage or after, through a summary judgment motion . . . . To address that issue now would be procedurally improper.

*Id.* at *7–8. *See also Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.*, No. 07-CV-1047, 2008 WL 4964714, at *10 (E.D. Wis. Nov. 14, 2008) ("The court will not address the statute of limitations issue in an anticipatory way. Instead, the court will adjudicate the matter of which statute of limitations applies and whether the claims of particular class members are time-barred at an appropriate juncture—when the court can make the determination based on discovery and argument from both parties.").

As in *Crissen*, the parties do not dispute that Christoffersen's individual ERISA claims are timely. Thus, a finding that claims are time-barred would apply only to putative class members. As the *Crissen* court found, putative class members are not parties to the litigation until the class is certified. Thus, to determine whether some of the putative class members' claims are time-barred would be tantamount to issuing an advisory opinion, which I cannot do. For these reasons, I find that the statute of limitations issue is not ripe

for determination and will address it at a later date. Marchese's motion for partial summary judgment is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion for partial summary judgment (Docket # 17) is **DENIED**.

Dated at Milwaukee, Wisconsin this 21st day of August, 2020.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge