# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| GORDON D. CHRISTOFFERSEN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 19-cv-1481-NJ |
| Plaintiff, | |
| v. | |
| V. MARCHESE, INC., | Hon. Nancy Joseph |
| Defendant. | |

This Class Settlement Agreement ("Agreement") between Plaintiff and putative Class Representative, Gordon Christoffersen, ("Christoffersen" or "Class Representative") individually, and on behalf of the putative class of similarly situated persons and Defendant V. Marchese, Inc. ("V. Marchese"), was reached after arms-length negotiations between counsel for all parties and is entered into as of July **30**, 2021.

## RECITALS

1. On October 10, 2019, Christoffersen filed a Class Action Complaint (the "Complaint") in the above captioned lawsuit in the United States District Court for the Eastern District of Wisconsin, alleging that V. Marchese failed to provide its former employees and their beneficiaries with notice of the right to continued coverage under its group health plan following a qualifying event as required by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, as modified by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161-1167.

2. On April 19, 2021, the Parties engaged in settlement discussions with the assistance of Hon. William Callahan acting as mediator, and reached an understanding regarding the resolution of this action.

3. Christoffersen and the putative class are represented by Ben J. Slatky, Jesse Fruchter, and Ademi LLP, ("Class Counsel"). Class Counsel has conducted a thorough investigation of the facts pertinent to the Complaint and likewise investigated the law regarding the claims against V. Marchese, and the asserted defenses. Class Counsel recognizes the risk and expense associated with a trial of Christoffersen's claims and any further appeals that may follow, and the uncertainty inherent in complex litigation, and has concluded that the settlement set forth in this Agreement is in the best interest of Christoffersen and the Class, and, ultimately, judicial economy.

4. V. Marchese denies that it is liable in any way to the Class Representative or the Class and denies that its actions violated COBRA in any manner. V. Marchese's counsel has conducted a thorough investigation of the facts pertinent to the Complaint and likewise investigated the law regarding the claims against V. Marchese and the asserted defenses. However, V. Marchese is willing to enter into this Agreement to avoid the further expense and inconvenience of litigation, and has concluded that it is in its best interest to resolve and settle all claims which have been made or could be made against it by the Class arising out of the matters alleged in the Complaint and V. Marchese's alleged violations of COBRA.

5. In consideration of the foregoing and other good and valuable consideration, the Class Representative, Class Counsel, and V. Marchese stipulate and agree that the claims of the Class Representative and the Class against V. Marchese should be and are hereby compromised and settled, subject to the final approval of the Court, after a hearing, and upon entry of a final judgment of dismissal with prejudice as provided in this Agreement, all subject to the following terms and conditions. This Agreement shall be filed as <u>Exhibit A</u> to the Parties' Joint Motion for Preliminary Approval of Class Settlement Agreement.

## SETTLEMENT TERMS

6. **Effective Date.** The effective date of this Agreement shall be the date of the entry of the Final Order if no objections to the settlement are made by the time of the fairness hearing ("Effective Date"). If objections to this Agreement have been made by the time of the fairness hearing, the Effective Date shall be the later of (a) the date of the expiration of the time to appeal from the Final Order without an appeal having been taken or; (b) if an appeal shall be taken from the Final Order, the date upon which all appeals, including petitions for leave to appeal, *certiorari*, or rehearing, or any proceedings resulting therefrom, have been finally disposed of in such manner that the Agreement is affirmed in its entirety and the settlement may be consummated without change. The parties waive their rights to appeal from any Final Order entered in accordance with the terms of this Agreement. The parties shall each bear their own costs and expenses in responding to any appeal taken from the Final Order.

7. **Certification of Settlement Class.** For purposes of this settlement only, Christoffersen and V. Marchese agree to the Court's conditional certification of the following Settlement Class ("Class"):

> (a) All employees of V. Marchese, Inc., (b) whose employment was voluntarily or involuntarily terminated from January 1, 2014 through September 15, 2019, (c) who may have been covered by a group health plan provided by V. Marchese, Inc. at the time of termination of employment from V. Marchese, Inc. and (d) all beneficiaries who may have been covered under such health plan by or through a participant's employment with V. Marchese.

8. Christoffersen shall represent the Class. The Class consists of approximately 260 employees and former employees according to V. Marchese's records ("Employee Class Members") and their beneficiaries. The law firm of Ademi LLP shall act as Class Counsel.

9. Upon execution of this Agreement, the Parties will jointly request that the Court preliminarily find that this Agreement is fair to all Class members and approve the class notice

3

("Class Notice") attached as <u>Exhibit C</u> to the Parties' Joint Motion for Preliminary Approval of Class Settlement Agreement. The approval process is described further in paragraphs fifteen (15) through seventeen (17), below.

10. In the event that the District Court does not approve this Agreement, this entire Agreement shall become null and void. No admission of law, fact, or combination of law and fact will be found to exist as a result of this Agreement, and no part of this Agreement will be admissible in any litigation.

11. In consideration of the full and complete settlement, release, and discharge of all claims of Class Representative and the Class against V. Marchese, and subject to the provisions of this Agreement and all applicable orders of the District Court, V. Marchese promises as follows:

    a. **Class Recovery.** Within fourteen (14) days of the Effective Date, V. Marchese shall pay seventy-five thousand dollars ($75,000.00) into a Settlement Fund. The Settlement Fund will be used for administration of the settlement, and distribution of payments to Class members as follows:

        i. Five hundred dollars ($500.00) to each Employee Class Member who was an employee of V. Marchese and whose employment terminated between December 1, 2018 and September 15, 2019;

        ii. Up to two hundred fifty dollars ($250.00) to each Employee Class Member who was an employee of V. Marchese and whose employment terminated between January 1, 2014 and November 30, 2018, who submits a notice certifying that they were covered by the group health plan provided by V. Marchese at the time of their termination; and

4

  iii.  Fifty dollars ($50.00) to each other Employee Class Member was employed by V. Marchese and who do not timely submit notice of exclusion from the Class.

  iv.  Employee Class Members who were employed by V. Marchese and whose employment terminated between December 1, 2018 and September 15, 2019 will receive a total $500.00 regardless of whether they certify prior coverage, and they will not be entitled to any additional amount regardless of any further certification that they were covered by the group health plan. Each other Employee Class Member who submits a notice certifying that they were covered by the group health plan provided by V. Marchese at the time of their termination will receive either $250.00 or, if such an amount would be unavailable to such Class members after distribution to all other Class members has been made in addition to the costs of notice and administration, a *pro rata* share of remaining Settlement Funds. Class members who are not Employee Class Members shall receive no additional payment beyond the consideration provided to the Employee Class Members. All checks issued to Claimants in accordance with this paragraph shall indicate on their face that they are void after ninety (90) days from the date issued ("void date"), and shall be sent to the Claimants by first-class mail by V. Marchese within thirty (30) days of the Effective Date. Any portion of the Settlement Fund not used for administration of the settlement or paid in accordance with paragraphs 11(a) or (b), including, without limitation, any portion of the Settlement Fund not paid because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains uncashed ninety (90) days after

5

distribution, shall revert to V. Marchese. In addition, within seventy-five (75) days after final approval of this Agreement by the District Court, counsel for V. Marchese shall provide a report to Class Counsel stating the number of Class members' checks that were returned or remained uncashed.

      b.    **Attorneys' Fees and Costs.** Subject to Court approval, Class Counsel shall receive payment, within thirty (30) days of the Effective Date, for its reasonable attorneys' fees and related litigation costs and expenses approved by the Court, in an amount not to exceed seventy five thousand dollars ($75,000.00). V. Marchese agrees not to oppose any application or petition by Class Counsel for approval of attorneys' fees and costs in an amount not to exceed seventy five thousand dollars ($75,000.00).

      c.    **Recovery to Class Representative.** Christoffersen shall be paid fifteen thousand dollars ($15,000.00), in addition to the Settlement Fund, at the time of distribution of funds to Class Counsel as alleged damages and for his efforts as Class Representative. This payment shall be made within thirty (30) days from the Effective Date, and be made by V. Marchese to Class Counsel's client trust account, Ademi LLP Client Trust Account.

12.    Notwithstanding anything to the contrary in this Agreement, including all exhibits, under no circumstances shall the liability of V. Marchese under this Agreement exceed the amounts that V. Marchese is obligated to pay pursuant to paragraph 11. Furthermore, both Christoffersen and Class Counsel shall provide V. Marchese with appropriate W-9 forms to the extent which any portions of the payments described herein are taxable. V. Marchese shall not issue a 1099 form to Christoffersen for greater than the amount of any incentive payment approved by the court and paid to Christoffersen.

6

13.     **Release.** As consideration for this Agreement, and upon the Effective Date, the Class Representative and each member of the Class, including each and every one of their respective present, former and future agents, representatives, attorneys, heirs, administrators, executors, assigns or any other person acting on their behalf or for their benefit (collectively, "Releasors") hereby release and discharge V. Marchese, as well as its respective predecessors and successors in interest and present, former and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, vendors, subcontractors, heirs, or attorneys (collectively, "Releasees") from any causes of action, suits, claims or demands whatsoever, in law or in equity, known or unknown at this time, which the Class Representatives and the Class now have or ever had against the Releasees, or any of them, under any legal theory arising out of the allegations in or subject matter of the Complaint.

14.     **Class Notice.** V. Marchese shall cause to be sent, or arrange to send, either itself or through its claims administrator, the Class Notice, in the form attached to the Parties' Joint Motion for Preliminary Approval of Class Settlement Agreement as <u>Exhibit C</u>, to each Employee Class member, to be directed to the last known address of the Employee Class members as provided by a national change of address database update search, by any form of U.S. mail that provides a forwarding address, within thirty (30) days of Preliminary Approval of this Agreement by the District Court. No skip-tracing shall be required or done as to any Class Notices that are returned by the postal service as undeliverable and with no forwarding address. Class Notices returned with a forwarding address shall be re-mailed to the new address within five (5) business days. The Parties will notify each other within a reasonable amount of time of the receipt of any objection to this Agreement received from a member of the Class. Notice shall be provided to each

7

Employee Class member's last known address, as reflected in V. Marchese's records and with forwarding service requested. This form of notice is sufficient and any Class member who does not timely submit a claim form shall not receive a distribution from the Class Recovery, but will otherwise remain a member of the Class for all other purposes of this Agreement and settlement. Class members, subject to the Court's approval, shall have forty-five (45) days in which to return a claim form or file an objection.

15. **Preliminary Approval.** The Parties will jointly request Preliminary Approval of the settlement set forth in this Agreement, and will request the entry of an Order of Preliminary Approval in the form attached as <u>Exhibit B</u> to the Parties' Joint Motion for Preliminary Approval of Class Settlement Agreement ("Preliminary Order"). The fact that the Court may require non-substantive changes in the Preliminary Order does not invalidate this Agreement. If the Court refuses to grant Preliminary Approval, then this Agreement shall be null and void and the provisions of paragraph ten (10) will apply. The parties agree to request a date for the Final Approval Hearing approximately one hundred twenty (120) days from the date of the Court's issuance of the Preliminary Order.

16. **Final Approval.** After notice to the Class and an opportunity to object, the Parties shall jointly move for a final order in the form attached as <u>Exhibit D</u> to the Parties' Joint Motion for Preliminary Approval of Class Settlement Agreement ("Final Order") which (a) approves the settlement set forth in this Agreement as fair, reasonable and adequate and directs its administration in accordance with the terms of this Agreement; (b) finds that the notice given to the Class satisfied the requirements of Due Process and Rule 23; (c) dismisses this action with prejudice, and gives full force and effect to the Releases contained in paragraph thirteen (13); (d) provides that the Class Representative and any member of the Class who either includes himself

or herself in the settlement by submitting a claim form, or otherwise fails to exclude himself or herself from the Class settlement, shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any state, federal, or foreign court, against V. Marchese, its respective predecessors or successors in interest, or its past, present and future affiliates, parents, subsidiaries, related parties, insurers, successors, and assigns, and their present or former directors, officers, partners, employees, members, shareholders, representatives, heirs, beneficiaries, assigns, agents, insurers, attorneys, collectors, brokers, or entities for which V. Marchese performs portfolio servicing and/or collection activities (including, without limitation, any investors, trusts, or other similar entities), any and all claims, under any legal theory arising out of the allegations in this lawsuit; and (e) provides that V. Marchese shall be barred identically from pursuing any claim for relief against the Class Representative, any member of the Class, or Class Counsel arising out of the claims asserted against V. Marchese in this action.

17. The settlement set forth in this Agreement shall not become effective unless and until the District Court finally approves the Agreement and settlement, without material alteration, as fair, reasonable, and adequate. In the event that the District Court does not approve any part of this Agreement and settlement, then this entire Agreement and settlement shall become null and void and the provisions of Paragraph Ten (10) of this Agreement shall apply, except that the parties may agree in writing to proceed with a modified settlement and apply for District Court approval of that modified settlement. In the event that this Agreement shall become null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply. No admission of law or fact, or combination thereof, will be found to exist as a result of this Agreement.

9

18. Neither this Agreement nor any negotiations shall be construed, offered, received as, or deemed to be, evidence of an admission or concession by the Class Representative or the Class of lack of merit, or by V. Marchese of any liability or wrongdoing whatsoever, whether as alleged in the Complaint or otherwise. V. Marchese specifically denies that the conduct alleged in the Complaint gives rise to any such liability.

19. All documents, papers and notices required to be given by this Agreement to the Class Representative, the Class or Class Counsel shall be given by U.S. Mail or electronic mail to:

> Ben Slatky (bslatky@ademilaw.com)
> Jesse Fruchter (jfruchter@ademilaw.com)
> ADEMI LLP
> 3620 East Layton Avenue
> Cudahy, WI 53110

All documents, papers and notices required to be given under this Agreement to V. Marchese shall be given by U.S. Mail or electronic mail to:

> Joel Aziere (jaziere@buelowvetter.com)
> Matthew J. Flanary (mflanary@buelowvetter.com)
> BUELOW VETTER BUIKEMA OLSON & VLIET, LLC
> 20855 Watertown Road, Suite 200
> Waukesha, WI 53186

20. The Parties acknowledge that this Agreement constitutes the entire agreement among the Parties and any other earlier or contemporaneous oral or written agreement respecting its subject matter shall have no force or effect. The Parties agree that no party shall be deemed to have drafted this Agreement. The Parties cannot alter or modify this Agreement except by an instrument in writing executed by each of them. This Agreement includes all the representations of every kind and nature made by the Parties one to the other. This Agreement may be executed in any number of counterparts, with signatures transmitted via facsimile and/or electronically scanned and mailed formats, each of which together shall be deemed one and the same instrument.

The Parties agree that a facsimile, pdf or other electronic signature to this release & settlement agreement shall be treated and deemed as an original signature.

21. The Parties to this Agreement agree to cooperate in the submission of this Agreement to the Court and will recommend acceptance of the Agreement by all necessary parties. As soon as practicable, they will take all necessary steps to secure the District Court's Preliminary Approval of this Agreement. After notice to the Class and an opportunity to object, the Parties will take all steps reasonably necessary to secure the District Court's Final Approval of the Agreement and to secure the dismissal of this lawsuit with prejudice, on and subject to the procedures and conditions set forth. The Parties shall cooperate in taking any such other steps as may be necessary or as may be requested by the Court and shall otherwise use their best efforts to implement this Agreement and the settlement provided for herein.

22. **Release of Attorneys' Lien.** In consideration of this Agreement, Class Counsel hereby waive, discharge and release the Releasees, as defined in paragraph thirteen (13), above of and from any and all claims for Attorneys' Fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case.

23. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin for state issues and federal law for federal issues.

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of record have so agreed, on July __, 2021.

For Himself and the Class:

_____
Gordon Christoffersen

For Class Counsel with respect to release of attorneys' lien:

_____
Ben J. Slatky
ADEMI LLP
3620 East Layton Avenue
Cudahy, Wisconsin 53110


For V. Marchese, Inc.


By:_____

Name:_____

Title:_____

Approved as to form

_____   _____
Ben J. Slatky                        Matthew J. Flanary
ADEMI LLP                            BUELOW VETTER BUIKEMA OLSON & VLIET, LLC
3620 East Layton Avenue              20855 Watertown Road, Suite 200
Cudahy, Wisconsin 53110              Waukesha, WI 53186

**For Class Counsel with respect to release of attorneys' lien:**

_____
Ben J. Slatky
ADEMI LLP
3620 East Layton Avenue
Cudahy, Wisconsin 53110


**For V. Marchese, Inc.**


By: *[signature]*
Name: Joshua Weber
Title: CFO

**Approved as to form**

_____     *[signature]*
Ben J. Slatky                                 Matthew J. Planary
ADEMI LLP                                      BUELOW VETTER BUIKEMA OLSON & VLIET, LLC
3620 East Layton Avenue             20855 Watertown Road, Suite 200
Cudahy, Wisconsin 53110             Waukesha, WI 53186